UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MOSHE LEVI, | Civil Action No.: 4:16-cv-1083-RBH-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| HARRIS TEETER, LLC, and THE KROGER CO., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981, alleging that Defendants discrimination and retaliation based on his race and religion. Plaintiff also asserts a state law claim for breach of contract. Presently before the court is Defendant's Motion to Dismiss (Document # 19). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II. DISCUSSION

Defendants move for dismissal for several reasons. First, they argue that dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(3), which allows for dismissal of a case for improper venue. Defendants argue this case has no connection to South Carolina and, pursuant to the venue provision in Title VII, should have been filed in the Western District of North Carolina. Defendant argues in the alternative that, if the court declines to dismiss this case pursuant to Rule

12(b)(3), the case should be transferred to the Western District of North Carolina.

Federal Rule of Civil Procedure 12(b)(3) permits parties to file motions to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3); Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 209 (4th Cir. 2007). When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. Motley Rice, LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688 (D.S.C. 2007). If the court determines an action has not been filed in the proper district, the Court has discretion to dismiss the Complaint. Butler v. Ford Motor Co., 724 F. Supp. 2d 575, 586 (D.S.C. 2010).

Plaintiff was employed by Harris Teeter, LLC from approximately September 2012 until November 2014. Am. Comp. p. 6. For the duration of his employment with Harris Teeter, LLC, Plaintiff worked in the Information Services ("IS") department at Harris Teeter's corporate office at 701 Crestdale Road, Matthews, North Carolina, 28105. Am. Comp. p. 3. Plaintiff's employment records are maintained at Harris Teeter's corporate office. Chambers Decl. ¶ 4 (Ex. B to Def. Motion).[1] Harris Teeter is both headquartered and incorporated in North Carolina. Chambers Decl. ¶ 3. Plaintiff reported to Daniel Hurd (currently IS Project Development Manager), who reported to Lara Palmer (currently Director of Enterprise Development). Am. Comp. p. 6. Both Hurd and Palmer live and work in North Carolina. Chambers Decl. ¶ 5. Employment records regarding these Harris Teeter employees, as well as other corporate office employees, are maintained at Harris Teeter's corporate office. Chambers Decl. ¶ 5.

---

[1]Under Rule 12(b)(3), a court is free to look at matters outside of the pleadings, however, the court still must draw all reasonable inferences in the light most favorable to the plaintiff. See Silo Point II L.L.C. v. Suffolk Const. Co., 578 F.Supp.2d 807, 809 (D.Md.2008).

Title VII includes a specific venue provision establishing the appropriate venue for all Title VII causes of action. Hayes v. Paschall Truck Lines, Inc., No. 3:09-1869-JFA-JRM, 2010 WL 2757227, at *1-3 (D.S.C. 2010). Title VII's venue provision states, in relevant part:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff objects to dismissal of this case under Rule 12(b)(3). Plaintiff does not dispute that the alleged unlawful employment actions occurred in Matthews, North Carolina, that the relevant employment records are maintained and administered in Matthews, North Carolina, or that, but for the alleged unlawful employment action, he would have continued to work at the Harris Teeter corporate office in Matthews, North Carolina. However, he argues that, pursuant to 28 U.S.C. § 1391, venue is proper here because Harris Teeter operates stores and conducts business in South Carolina. Section 1391 is a general venue statute, and its provisions apply only in instances in which the applicable statutes have not otherwise fixed venue. 28 U.S.C. § 1391(a) (providing for venue "[e]xcept as otherwise provided by law"). Because Title VII provides a specific venue provision, § 1391 is inapplicable. Accordingly, pursuant to Title VII's venue provision, venue in the District of South Carolina is improper.

When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. The choice

to transfer or dismiss a case afforded by 28 U.S.C. § 1404 lies within the sound discretion of the district court. See Quinn v. Watson, 145 Fed. Appx. 799 (4th Cir. 2005). Plaintiff does not object to transferring this case to the Western District of North Carolina.

Here, the interests of justice dictate that this case be transferred rather than dismissed. Specifically, the "interest of justice" requires "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In Goldlawr, the Supreme Court reversed dismissal and mandated a transfer in order to avoid forfeiture of the plaintiff's causes of action due to an expired statute of limitations. Id. at 466, 82 S.Ct. 913 (identifying forfeiture of claims as the "typical example of the problem sought to be avoided"). Under Title VII, a plaintiff must file an action with the district court within ninety days after the Equal Employment Opportunity Commission (EEOC) provides a right to sue notice to the Plaintiff. 42 U.S.C. § 2000e-5(f)(1). Plaintiff received a right to sue notice from the EEOC with respect to his second charge of discrimination on January 21, 2016, see Right to Sue letter (Doc, 1-14), and timely filed this action within ninety days. However, if this action is dismissed, Plaintiff's claims will be barred from refiling as outside the limitations period. Therefore, transfer, rather than dismissal, is the appropriate remedy.[2] Because transfer is proper, this court need not address Defendants' remaining arguments, which should be considered by the transferee court.

---

[2]Transfer of Plaintiff's breach of contract claim is appropriate under 28 U.S.C. § 1404, which allows for transfer for the convenience of parties and witnesses, in the interest of justice.

## III. CONCLUSION

Accordingly, for the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 19) be granted in part with respect to Defendants' alternative request that the case be transferred to the Western District of North Carolina.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**